UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-3037(DSD/JJK)

Rashad Hasan,

        Plaintiff,

v.                                 **ORDER**

Bank of America, N.A.,
BANA CIG HF1 LIENS GOV REW, and
Bank of America, N.A., as successor
by merger to BAC Home Loans
Servicing LP f/k/a Countrywide
Home Loans Servicing LP,

        Defendants.


    Rashad Hasan, 701 Givens Lane, Minneapolis, MN 55411, pro se plaintiff.

    Keith S. Anderson, Esq. and Brandley Arant Boult Cummings LLP, One Federal Place, 1819 Fifth Avenue North, Birmingham, AL 35203 and Mark G. Schroeder, Esq. and Briggs & Morgan, PA, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants.


    This matter is before the court upon the motion to dismiss by defendants Bank of America, N.A., BANA CIG HF1 LIENS GOV REW, and Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP f/k/a/ Countrywide Home Loans Servicing LP, and the motion for leave to amend by pro se plaintiff Rashad Hasan.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is granted and the motion for leave to amend is denied.

**BACKGROUND**

This mortgage dispute arises out of Bank of America's proposed foreclosure on a property mortgaged by Hasan. On October 19, 2006, Hasan purchased real property in Hennepin County, Minnesota via warranty deed (the Property). Dobie Aff. Ex. B. On October 24, 2006, Hasan agreed to transfer the mortgage to Mortgage Electronic Registration Systems, Inc. (MERS).[1] Id. Ex. C. Hasan registered the warranty deed and the mortgage with the Hennepin County Registrar of Titles on November 8, 2006, and received a Certificate of Title for the Property the same day. Id. Exs. A, B, C.

On July 12, 2011, MERS assigned the mortgage to BAC Home Loans Servicing LP f/k/a/ Countrywide Home Loans Servicing LP. Id. Ex. D. Bank of America is the successor to BAC by way of a corporate merger. Id. Ex. E.

Between December 2011 and June 2012, Bank of America sent Hasan six notices that he was "seriously delinquent" on his loan payments. Compl. Ex. C. Thereafter, Hasan defaulted on the loan, and on August 20, 2012, Bank of America sought to foreclose on the Property by advertisement proceedings. Dobie Aff. Exs. F and G. On September 12, 2012, Hasan filed for bankruptcy under Chapter 7, and the bankruptcy court discharged his debt on December 5, 2012.

---

[1] "MERS involves an electronic registration system wherein lenders can transfer interests in promissory notes to each other, while MERS remains the mortgagee of record despite the assignment of the debt." Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1030 n.1 (8th Cir. 2012).

<u>Id.</u> Exs. H, I, J.  It is unclear what impact, if any, the bankruptcy petition had on the foreclosure proceedings.  On December 16, 2014, Bank of America initiated a second set of proceedings to foreclose on the Property by advertisement.  <u>Id.</u> Exs. K and L.  On February 27, 2015, Hasan filed another bankruptcy petition, this time under Chapter 13.  <u>Id.</u> Ex. M.  On May 11, 2015, the bankruptcy court dismissed the petition.  <u>Id.</u> Ex. N.  While the second bankruptcy petition was still pending, Hasan received notice that the Hennepin County Sheriff's Office would hold a mortgage foreclosure sale for the Property on March 3, 2015.  Compl. Ex. A.  Hasan alleges that the Property was sold at the public auction.  <u>Id.</u> at 18-20, 21, 24.  Despite the sale, on May 14, June 26, and July 10, 2015, Hasan sent Bank of America notices to rescind "the purported obligation under the trust deed and note."  <u>Id.</u> Ex. C.

On July 13, 2015, Hasan filed a complaint raising the "show-me-the-note" theory and alleging violations of the Fair Debt Collection Practices Act (FDCPA), identity theft, and violations of the Truth in Lending Act (TILA).  On August 25, 2015, Bank of America moved to dismiss the complaint.  On September 25, 2015, Hasan requested leave to amend the complaint and attached a proposed amended complaint.  The amended complaint adds new allegations regarding the securitization of his loan, but is

otherwise substantively the same as the original complaint.[2]

## DISCUSSION

### I. Motion to Amend

The court first addresses Hasan's motion to amend the complaint. The court shall provide leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend, however, is not an absolute right and "futility of the amendment may be grounds to deny a motion to amend." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (citation and internal quotation marks omitted). "Amendment is futile where the proposed amended complaint fails to state a claim under the analysis for a Rule 12(b)(6) motion." Block v. Toyota Motor Corp., 795 F. Supp. 2d 880, 886 (D. Minn. 2011) (citing Zutz v. Nelson, 601 F.3d 842, 850-52 (8th Cir. 2010) (applying the Twombly standard to determine the futility of a proposed amendment)).

Bank of America argues that amendment is futile. The court agrees. The court has considered Hasan's amended complaint and, as discussed below, finds that the amended complaint fails to remedy the original complaint's material shortcomings. As a result, the court denies Hasan's motion for leave to amend.

---

[2] The amended complaint references exhibits that Hasan included with the original complaint. The court will consider those exhibits.

**II.  Motion to Dismiss**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside of the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint or are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Here, the court considers documents related to the Property and the documents delineating the assignment and merger transferring Hasan's mortgage to Bank of America.

### A. Show-Me-the-Note Theory

The amended complaint alleges that Bank of America improperly attempted to foreclose on the Property without possessing both the mortgage and promissory note. Am. Compl. at 1-17. In other words, Hasan relies on the "show-me-the-note" theory, "which posits that the holder of legal title to a mortgage must also hold the promissory note in order to foreclose on a mortgage." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013). "[T]his theory has been repudiated." Id.; see also Fleming v. U.S. Bank Nat'l Ass'n, No. 14-CV-3446, 2015 WL 505758, at *3 (D. Minn. Feb. 6, 2015) ("The holder of the recorded mortgage is entitled to foreclose and need not be a note holder to do so."); Butler v. Bank of America, N.A., 690 F.3d 959, 962 (8th Cir. 2012) (the "show me the note" argument "is foreclosed by the plain language of Minnesota's foreclosure statute"). As a result, Hasan's theory fails as a matter of law.

### B. FDCPA

Hasan also alleges that Bank of America violated various provisions of the FDCPA. Am. Compl. at 1-17. Specifically, Hasan alleges that Bank of America engaged in abusive or deceptive practices, made false or misleading representations, and failed to validate Hasan's debt. See 15 U.S.C. §§ 1692e, 1692g.

The FDCPA applies to activity by debt collectors "in connection with the collection of any debt." See, e.g., 15 U.S.C.

§§ 1692e, 1692g. "This court has previously concluded that foreclosure activities do not constitute debt collection under the FDCPA." <u>Fleming</u>, 2015 WL 505758, at *2. As a result, Bank of America's foreclosure activities are not subject to the FDCPA, and dismissal is warranted on this basis alone.

Even if Bank of America's conduct were subject to the FDCPA, Hasan is not entitled to relief because he fails to allege sufficient facts in support of his claim. First, Hasan conclusorily alleges that Bank of America is a debt collector under 15 U.S.C. § 1692a. But he has not alleged any facts that could support a finding that Bank of America's "principal purpose" is to collect debts. <u>See</u> 15 U.S.C. § 1692a(6) (describing a "debt collector" as one whose "principal purpose" is "the collection of debts"). Second, although Hasan alleges that Bank of America misrepresented or threatened legal action, he does not include any additional facts to support this general and conclusory allegation. <u>See</u> 15 U.S.C. § 1692e(4), (5). Third, Hasan asserts that Bank of America resumed debt-collection activities without first obtaining required verification. <u>See</u> 15 U.S.C. § 1692g(b) (stating that, if a consumer notifies a debt collector in writing that the consumer disputes a debt, the debt collector must verify the debt before resuming debt-collection efforts). However, Hasan does not actually allege that Bank of America resumed debt-collection activities, nor does he allege that he notified Bank of America in

writing that he disputed the debt. As a result, the amended complaint does not plausibly allege that Bank of America violated the FDCPA, and dismissal is warranted.

    **C.    Identity Theft**

Hasan alleges that Bank of America threatened to foreclose on the Property unless he provided personal and financial information, including a credit report. He further alleges that Bank of America used public information regarding the Property in order to deceive him into disclosing his personal information, which it then used to sell the Property at auction. Hasan contends that Bank of America committed or intends to commit tax fraud with his personal information and intends to sell his information to third parties. Am. Compl. at 11-22.

In making this claim, Hasan is essentially attacking the disclosure of his personal information to Bank of America. Hasan agreed, however, to the transfer of his mortgage, and thus his personal information, through MERS.

Even if Bank of America did not legitimately have that data, Hasan has failed to adequately allege that Bank of America used or disseminated the data inappropriately. As a result, dismissal is warranted on this claim as well.

    **D.    TILA**

Hasan also alleges violations of the TILA for which he seeks money damages. Am. Compl. at 23-29. Before filing suit, Hasan

sought to rescind his mortgage, but he does not explicitly request rescission in his amended complaint. Given that Hasan is pro se, the court will liberally construe his complaint to include a claim for rescission. Nevertheless, Hasan is not entitled to either form of relief.

Hasan's claim for damages is barred by the statute of limitations. A claim for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because Hasan closed on the property on October 24, 2006, he had until October 24, 2007 to pursue damages. He did not file suit until July 13, 2015.

Hasan's claim for rescission also fails. Although the TILA provides rescission as a remedy for certain transactions, it expressly excludes rescission in residential mortgage transactions, such as this. 15 U.S.C. § 1635; see also In re Bestrom, 114 F.3d 741, 745 (8th Cir. 1997) (finding that the TILA does not apply to a mortgage used to acquire real property). Moreover, Hasan's pleading on his TILA claim is insufficient because he does not allege any facts beyond the mere conclusory statement that Bank of America violated 15 U.S.C. §§ 1635 and 1640. Iqbal, 556 U.S. at 677-79. As a result, Hasan's TILA claims warrant dismissal.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Hasan's motion for leave to amend [ECF No. 13] is denied;

2.  Bank of America's motion to dismiss [ECF No. 6] is granted; and

3.  This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 18, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court